## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **KEVONTE STEWART,** <br> **Defendant.** | **Case No. 1:25-MJ-225** |

## REPLY TO THE DEFENDANT'S RESPONSE TO ORDER OF THE COURT (ECF 21)

The defendant has asked this Court not to accept the indictment the Superior Court grand jury voted to return. ECF 21. For the reasons described below and in its previous briefing on this matter, the United States respectfully requests that this Court accept the indictment and that this Court take appropriate curative action regarding its statements disparaging the U.S. Attorney's Office's conduct in this case.

## I. ARGUMENT

*A. The Congress did not implicitly repeal D.C. Code § 11-1916.*

Defendant contends that this Court may not accept the indictment "because it is facially invalid under the Federal Rules of Criminal Procedure." ECF 21 at 9. The defendant focuses on the Advisory Committee Notes to the 2002 Amendment to rule 1, in which the Committee stated that the term "federal judge" does not include "local judges in the District of Columbia" ECF 21 at 6. From this premise, defendant asserts that an indictment returned by a Superior Court grand jury is invalid because that grand jury was "not convened" by a federal judge within the meaning of rules 1 and 6. This argument fails.

The Congress made clear in section 1916 that a Superior Court grand jury may "take *cognizance* of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts," D.C. Code § 11-1916 (emphasis added). The word *Cognizance* means "(1) The right and power to try and determine case; jurisdiction" *Cognizance*, BLACK'S LAW DICTIONARY (2nd Ed. 2001). The D.C. Circuit recognized the clarity of the Congress's intent in *United States v. Seals*, 130 F.3d 451 (D.C. Cir. 1997), where the D.C. Circuit held that this statute means what is says: a Superior Court grand jury has the right and power to return an indictment to the District Court.[1]

The defendant essentially asks the Court to find that the Congress implicitly repealed D.C. Code § 11-1916, which the defendant acknowledges was enacted by the United States Congress, ECF 21 at 9 n.4, when it approved unrelated changes to the Federal Rules of Criminal Procedure.[2] That conclusion is disfavored by the Supreme Court. "[R]epeals by implications are not favored,' and are a 'rarity.' Presented with two statutes, the Court will 'regard each as effective'—unless Congress' intention to repeal is 'clear and manifest," or the two laws are 'irreconcilable.'" *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) (internal citations omitted). A party seeking to suggest that two statutes cannot be harmonized, and

---

[1] Conversely, based on the plain statutory language in section 1916, the D.C. Court of Appeals rejected a challenge to an indictment rendered by a federal grand jury on D.C. Code murder charges that was returned in the Superior Court. *Hackney v. United States*, 389 A.2d 1336, 1338–39 (D.C. 1978).

[2] The Supreme Court proposes rule amendments, which go into effect if the Congress does not act. 28 U.S.C. § 2074.

that one displaces the other, bears the heavy burden of showing "a clearly expressed congressional intention" that such a result should follow. *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533 (1995). Courts indulge a "stron[g] presum[ption]' that repeals by implication are 'disfavored' and that 'Congress will specifically address' preexisting law when it wishes to suspend its normal operations in a later statute." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018) (quoting United *States v. Fausto*, 484 U.S. 439, 452, 453 (1988)).

The defendant's argument also upends well-established principles of statutory interpretation. The Supreme Court has instructed that "[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one." *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974). "[W]hen Congress has focused on a particular subject, a court can reasonably rely on that expression of congressional intent, by contrast with a generally worded statute where it is unclear whether Congress focused on the particular matter at issue." *United States v. Stewart*, 104 F.3d 1377, 1387 (D.C. Cir. 1997) (citing *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932)). Here, by enacting section 1916, Congress made clear that a Superior Court grand jury could consider federal charges and authorize an indictment to be returned on those charges in federal district court. Nothing in the general amendments to the Federal Rules of Criminal Procedure suggest any desire to depart from the specific grand jury practice that Congress authorized for the District of Columbia.

Although the defendant makes hay out of a an Advisory Committee Note to the 2002 Amendment to rule 1(b)(3)(c) that clarifies that "local judges in the District of Columbia" are not included in the term "federal judge," Fed. R. Crim. P. 1, Advisory Committee Notes, the argument completely fails to grapple with *Seals*. In *Seals*, the D.C. Circuit held that the Article III power of federal judges has little bearing on a Superior Court grand jury's power to sit and make decisions. *Seals*, 130 F.3d at 457. Indeed, the D.C. Circuit held that "the grand jury must 'remain free to pursue its investigations unhindered by external influence *or supervision* so long as it does not trench upon the legitimate rights of any witness called before it." *Id.* (quoting *United States v. Williams*, 504 U.S. 36, 48–49 (1992)). Thus, it certainly cannot be said that an Advisory Committee Note to a minor change to rule 1 would override the power of Superior Court grand juries, the *Seals* holding, or the Congress's authority to make law specific to the unique enclave that is the District of Columbia.[3] *Seals*, 130 F.3d at 457.

Finally, with respect to the defendant's suggestion that District of Columbia Judicial Efficiency and Improvement Act "cut the ties that binds the local court to the Federal Court" in a way that invalidates section 1916, the defendant misses that *the*

---

[3] It is also worth considering the authority that allows the creation of the Federal Rules of Criminal Procedure. 28 U.S.C. § 2072(a) states, "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." It further states that the rules "shall not abridge, enlarge or modify any substantive right." *Id.* at § 2072(b). It therefore would make no sense that the Federal Rules of Criminal Procedure could limit the substantive powers of the grand jury.

*same act he points to is the act that created section 1916. See* Pub. L. No. 99-650, § 1916, 100 Stat. 3635 (1986).[4]

## B. Seals *is binding law.*

Despite the defendant's attempt to suggest that *Seals*'s rationale is no longer persuasive, the case remains binding precedent. This Court, "like panels of [the D.C. Circuit], are obligated to follow controlling circuit precedent until either [the Circuit], sitting en banc, or the Supreme Court, overrule[s] it." *Brookens v. Acosta*, 297 F. Supp. 3d 40, 47 (D.D.C. 2018), *aff'd sub nom. Brookens v. Dep't of Lab.*, No. 18-5129, 2018 WL 5118489 (D.C. Cir. Sept. 19, 2018); *see also Harris v. Bessent*, No. 25-5037, 2025 WL 1021435, at *1 (D.C. Cir. Apr. 7, 2025). This Court is duty bound to follow the holding in *Seals* unless and until the Circuit reverses course.

Additionally, more recent caselaw has suggested that the 2002 amendment to rule 1 of the Federal Rules of Criminal Procedure has not abrogated section 1916 or *Seals*. In 2007, this Court addressed *Seals* when determining whether a Superior Court grand jury was a "Federal grand jury" under 18 U.S.C. § 1515(a)(1) when the grand jury was investigating only a potential D.C. Code violation. *United States v. Brown*, No. 07-cr-75 CKK, 2007 WL 2007513, at *4 (D.D.C. July 9, 2007). District Judge Kollar-Kotelly cited *Seals* as settled law, noting that the D.C. Circuit had referred to a "Superior Court grand jury as a '*federally competent* grand jury,' . . . in a case in which a D.C. Superior Court grand jury returned an indictment in the

---

[4] Indeed, the Superior Court's Criminal Rules largely follow the Federal Rules. See D.C. Code § 11-946.

United States District Court for the District of Columbia on federal charges." *Id.* (citing *Seals*, 130 F.3d at 457). Ultimately, the Court concluded—"based on the facts in this case"—that because "the D.C. Superior Court grand jury charged with investigating the murder . . . served only in a local capacity in its investigation of a locally-defined crime, . . . Defendants did not allegedly obstruct a 'Federal grand jury'" in violation of 18 U.S.C. § 1512(c)(2). *Brown*, 2007 WL 2007513, at *5.

If Judge Kollar-Kotelly had concluded that *Seals* was no longer good law or that D.C. Code § 11-1916 had been repealed by the Advisory Committee Notes to the 2002 amendments to the Federal Rules of Criminal Procedure, the analysis would not have turned on "the facts in [that] case." Instead, Judge Kollar-Kotelly would have simply reasoned that a grand jury proceedings in Superior Court never could be considered "official proceedings" under federal law. The court did not do that.

Finally, contrary to defendant's claims, ECF 21 at 11, the fact that the initial grand jury to consider these charges returned a no-bill does not undermine the plain language of section 1916 and the D.C. Circuit's interpretation of that provision in *Seals*. The no-bill does not prevent the United States from presenting the charges to a second grand jury, *United States v. Thompson*, 251 U.S. 407, 414–15 (1920), without regard to whether that second grand jury resides in the District Court or in the Superior Court.

> *C. A magistrate judge is not empowered to determine the legal validity of the indictment during the grand jury return hearing.*

The defendant's arguments also misunderstand the purpose of returning an indictment in open court under rule 6(f). Rule 6(f) enshrines the centuries old

requirement that grand jurors publicly present the indictment because that "is the evidence required by law to prove that it is sanctioned by the accusing body." *Renigar v. United States*, 172 F. 646, 649 (4th Cir. 1909) (quoting *Simmons v. Commonwealth*, 89 Va. 156, 158 (1892) (quoting *Com. v. Cawood*, 4 Va. 527, 541 (Va. Gen. Ct. 1826))). In other words, the open-court requirement is about making a public record of the grand jury's concurrence with the indictment. *Cf.* Fed. R. Crim. P. 6 Advisory Committee Notes to 1966 Amendments (highlighting that "some official record should be made of the grand jury action").

The defendant's proposed role for the magistrate judge in determining the legal validity of the indictment is inconsistent with the limited role created by the Congress and recognized by the Supreme Court. "Congress made clear . . . that the magistrate acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681 (1980); *see also Gonzalez v. United States*, 553 U.S. 242, 245 (2008). Put another way, the power of the magistrate judge is limited. *United States v. Garcia*, 936 F.3d 1128, 1136 (10th Cir. 2019). Dispositive matters, such as the decision whether to dismiss an indictment, are within the purview of the Article III judge. *See Raddatz*, 447 U.S. at 676. A magistrate judge does not have the power to "dismiss or quash an indictment." 28 U.S.C. § 636(b)(1)(A). Allowing a magistrate judge to wade into statutory construction arguments—as the defendant has urged here—go beyond the record-making purpose of the grand jury return hearing and into

matters left to the Article III judge by rule 12 of the Federal Rules of Criminal Procedure.

Moreover, a magistrate judge does not have the authority to refuse to accept an indictment because of a prior no bill. The Supreme Court has held that a U.S. Attorney is empowered to "present[] to one grand jury charges which a previous grand jury has ignored." *See United States v. Thompson*, 251 U.S. 407, 414–15 (1920). Moreover, "[t]he Double Jeopardy Clause of the Fifth Amendment does not bar a grand jury from returning an indictment when a prior grand jury has refused to do so." *United States v. Williams*, 504 U.S. 36, 49 (1992). In addition, "[i]t is well settled that more than one grand jury may investigate the same matter." *In re Grand Jury Proceeding*, 971 F.3d 40, 49 (2d Cir. 2020).

Simply put, there is no authority permitting a magistrate judge to decline to accept the indictment the Superior Court voted to return, particularly at this early stage in proceedings. To do so would mean ignoring binding circuit precedent, which has been settled for 30 years. And as set forth in the examples cited below, Superior Court grand juries have exercised their right and power to return federal indictments in years since the D.C. Circuit settled the matter in *Seals*.

| Case Name | Case Number | Date | Lead Charge | District Judge |
|---|---|---|---|---|
| *United States v. Seals* | 95-cr-284 | Oct. 31, 1995 | 18 U.S.C. § 371 | Lamberth |
| *United States v. Doostdar* | 18-cr-255 | Aug. 20, 2018 | 18 U.S.C. § 371 | Friedman |
| *United States v. Clark* | 18-cr-338 | Nov. 15, 2018 | 18 U.S.C. § 922(g)(3) | Kelly |
| *United States v. Wallace* | 19-cr-151 | May 6, 2019 | 18 U.S.C. § 844(i) | Hogan |

| Case Name | Case Number | Date | Lead Charge | District Judge |
|---|---|---|---|---|
| *United States v. Carter* | 20-cr-5 | Jan. 6, 2020 | 18 U.S.C. § 922(g)(1) | Bates |
| *United States v. Monroe* | 24-cr-321 | July 15, 2024 | 18 U.S.C. § 922(g)(1) | Cobb |

## II. CONCLUSION

For all the foregoing reasons, and any additional points and authorities which may be cited by the government at a hearing on this motion, this Court should accept the indictment the Superior Court grand jury voted to return and it should take appropriate curative action regarding its public statements disparaging the U.S. Attorney's Office's actions in this case.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

 /s/Jonathan R. Hornok
JONATHAN R. HORNOK
Assistant United States Attorney
Chief of the Criminal Division