UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVONTAE STEWART,<br>Defendant. | Case No. 1:25-MJ-225 |

### REPLY IN FURTHER SUPPORT OF REQUEST FOR REVIEW OF THE MAGISTRATE JUDGE'S ORDER REFUSING TO ACCEPT A GRAND JURY RETURN

The United States of America respectfully requests that the Chief Judge vacate the Magistrate Judge's order, ECF 24, and direct that the indictment be accepted. The defendant's arguments to the contrary are without merit.

I. ARGUMENT

*A. The Magistrate Judge and the defendant concede that the government has the authority to represent a case after a no bill.*

The defendant[1] concedes that "there is precedent supporting the government 'presenting to one grand jury charges which a previous grand jury has ignored.'" ECF 28 at 31 (quoting *United States v. Thompson*, 251 U.S. 407, 414–15 (1920)). The Magistrate Judge did not address *Thompson* in his order and has likewise provided no legal basis for a contrary conclusion. *See generally* ECF 24. Indeed, the Magistrate Judge acknowledges that the government has the right

---

[1] The government objects to adversarial briefing on the acceptance of a grand jury return. The indictment return is part of the grand jury process. "Courts have rejected attempts to enjoin federal criminal prosecutions on grounds that criminal defendants have an adequate remedy in the form of a motion to dismiss any indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure." *See Peters v. United States*, No. 23-CV-03014, 2024 WL 2274079, at *7 (D. Colo. May 20, 2024) (citing *United States v. Stone*, 394 F. Supp. 3d 1, 14 (D.D.C. 2019) ("[T]he proper avenue for defendant to mount a legal challenge to the prosecution is through a motion to dismiss under Federal Rule of Criminal Procedure 12.")).

to represent this matter to another federal grand jury. *Id.* at 12. Bottom line, there is no dispute that it is legal and proper for the government to present this matter to another competent grand jury after the first grand jury failed to concur with the indictment.

The defendant attempts to distinguish *United States v. Seals*, 130 F.3d 451 (D.C. Cir. 1997), because that case involved "an indictment originally returned by a Superior Court grand jury, not after a federal grand jury refused to indict, as in Mr. Stewart's case." ECF 28 at 29. But this is distinction without legal significance. The defendant concedes that the government has the discretion to present a matter to a second grand jury after the first grand jury fails to concur with the indictment. ECF 28 at 31. Thus, this Court cannot ignore the D.C. Circuit's opinion in *Seals* simply because the grand jury in this case voted to return an indictment after another grand jury failed to do so.

### B. Superior Court grand juries may return indictments in federal court.

The question, then, is simply whether Superior Court grand juries are empowered to return indictments in federal court. The answer is yes. The defendant—and the Magistrate Judge—struggle against the plain language of D.C. Code § 11-1916(a), which provides the following: "A grand jury serving in the District of Columbia may take *cognizance* of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts," D.C. Code § 11-1916 (emphasis added). The word *cognizance* means "(1) The right and power to try and determine cases; jurisdiction." *Cognizance*, BLACK'S LAW DICTIONARY (2nd Pocket Ed. 2001).[2] The defendant points out that "cognizance" can "speak to jurisdiction, authority, acknowledgment, and taking notice." ECF 28 at 21. And importantly, the defendant concedes that

---

[2] To clarify, the government's cite is to Black's Law Dictionary Second Pocket Edition, which is based on the Seventh Edition of Black's Law Dictionary.

"[p]erhaps, as the government argues, the language was intended to mean that any grand jury operating in the District could return an indictment to either court." *Id*. In fact, the Magistrate Judge and the defendant even agree that section 11-1916 empowers federal grand juries to return indictments in Superior Court. ECF 24 at 10 (citing *Hackney v. United States*, 389 A.2d 1336, 1339 (D.C. 1978)); ECF 28 at 28–29.

But then the Magistrate Judge and the defendant argue that the same language of section 11-1916 means something different for a Superior Court grand jury that votes to return an indictment to District Court. The plain language of section 11-1916 refutes such contortion. The text of the statute has one group: "A grand jury serving in the District of Columbia."[3] It contains one grant of authority: "may take cognizance of all matters brought before it." And it includes one amplification: "regardless of whether an indictment is returnable in the Federal or District of Columbia courts." D.C. Code § 11-1916(a). In other words, there is only one set of words applicable to both District Court and Superior Court grand juries. And there is nothing in the text from which this Court could conclude that the Congress intended to distinguish a "[Superior Court] grand jury serving in the District of Columbia" from a "[District Court] grand jury serving in the District of Columbia." The reading urged by the Magistrate Judge and the defendant is only possible by adding words to the text of D.C. Code § 11-1916.

As the defendant acknowledges, "'[i]n a given statute, the same term usually has the same meaning and different terms usually have different meanings.'" ECF 28 at 27 (quoting *Pulsifer v. United States*, 601 U.S. 124, 149 (2024)). Thus, because the Magistrate Judge and the defendant

---

[3] The defense's worry about a local grand jury in Arlington, Virginia, seeking to return an indictment to the District Court for the Eastern District of Virginia is unpersuasive. ECF 28 at 9. Section 11-1916 only applies to the District of Columbia, which is a unique federal enclave over which the Congress has complete authority.

have conceded that the words of section 11-1916 mean that District Court grand juries are empowered to return indictments to Superior Court, this Court should adopt the same meaning for Superior Court grand juries that vote to return indictments to District Court.[4] Indeed, the Magistrate Judge and the defendant have not identified a single court that has read section 11-1916 differently.

Nevertheless, the Magistrate Judge and the defendant argue that the 2002 amendments to the Federal Rules of Criminal Procedure implicitly repealed section 11-1916. That argument fails. As explained in the government's briefing in this case, when "presented with two statutes, the Court will 'regard each as effective'—unless Congress' intention to repeal is 'clear and manifest,' or the two laws are 'irreconcilable.'" *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 315 (2020) (internal citations omitted). Neither the Magistrate Judge nor the defendant have been able to direct this Court to "a clearly expressed congressional intention" that the 2002 amendments to Rule 1 regarding the definition of the word *Court* were intended to curtail the jurisdiction the Congress granted to "[a] grand jury serving in the District of Columbia" in section 11-1916. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533 (1995); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018).

*C. The Chief Judge of this Court, through the Magistrate Judge's chambers, raised this issue in 2020, and then the Court accepted the indictment from the Superior Court grand jury.*

In *Seals*, the D.C. Circuit concluded that "[w]hile the grand jury arrangement in the District of Columbia may be unique, 'our constitutional principles of separated powers are not violated . . .

---

[4] To the extent that the defendant argues that District of Columbia Judicial Efficiency and Improvement Act "cut the ties that binds the local court to the Federal Court" in a way that invalidates section 11-1916, the defendant misses that *the same act he points to is the act that created section 11-1916*. *See* Pub. L. No. 99-650, § 1916, 100 Stat. 3635 (1986).

by mere anomaly or innovation.'" *Seals*, 130 F.3d at 460 (quoting *Mistretta v. United States*, 488 U.S. 361, 385 (1989)). In the decades since *Seals*, the judges in this Court that have considered indictments returned by Superior Court grand juries under D.C. Code § 11-1916 have likewise found no legal impediment to the unique grand jury arrangement in this district. In addition to the cases identified in the government's other briefing, the following cases also involved indictments returned by Superior Court grand juries:

| Case Name | Case Number | Date | Lead Charge | District Judge |
|---|---|---|---|---|
| *United States v. Parker* | 19-cr-127 | April 12, 2019 | 18 U.S.C. § 922(g)(1) | McFadden |
| *United States v. Kelly* | 20-cr-2 | Jan. 2, 2020 | 18 U.S.C. § 922(g)(1) | McFadden |
| *United States v. Henderson* | 20-cr-3 | Jan. 3, 2020 | 18 U.S.C. § 922(g)(1) | Cooper |
| *United States v. Scott* | 20-cr-275 | Dec. 8, 2020 | 21 U.S.C. § 846 | Boasberg |

Of particular note, Judge Faruqui was the assigned Magistrate Judge in *United States v. Scott*, No. 20-cr-275—a case assigned to this Court. On December 8, 2020, at 1:26 PM, the U.S. Attorney's Office received an email from Judge Faruqui's chambers with the following request: "Chief Judge Howell would like additional information on the authority for this Court to accept an indictment from Superior Court." At 2:37 PM that afternoon, an AUSA responded to Judge Faruqui's chambers via email, citing D.C. Code § 11-1916(a); *United States v. Seals*, 130 F.3d 451, 456 (D.C. Cir. 1997); and *United States v. Allen*, 729 F.Supp. 120, 122 (D.D.C. 1989); *United States v. Christian*, 394 A.2d 1, 42–43 (D.C. 1978).[5] The court then accepted the indictment returned by the Superior Court grand jury.

---

[5] The referenced email is attached as Exhibit 1.

## II. CONCLUSION[6]

Accordingly, this Court should vacate the Magistrate Judge's order and issue an order directing the Magistrate Judge to accept the indictment.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

/s/Jonathan R. Hornok
JONATHAN R. HORNOK
Assistant United States Attorney
Chief of the Criminal Division

---

[6] The defendant also contends that the government has waived its argument that a magistrate judge does not have the authority to order adversarial briefing on the acceptance of an indictment and that the Magistrate Judge's inquiry goes beyond facial validity. ECF 28 at 9. Not so. The government's opening brief reasserted those arguments. ECF 25 at 4 n.1. Additionally, the cases cited by the defense regarding facial invalidity all deal with unrelated challenges after an indictment was docketed: *In re Fried*, 161 F.2d 453, 458 (2d Cir. 1947), dealt with the suppression of evidence. And *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021), dealt with pretrial detention under the Bail Reform Act.