UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVONTAE STEWART,<br><br>Defendant. | Case No.  25-mj-002225-ZMF |

**UNOPPOSED MOTION FOR AN ORDER AUTHORIZING
DISCLOSURE OF INFORMATION PROTECTED BY FED R. CRIM. P. 6(E)
AND GRAND JURY/*JENCKS* PROTECTIVE ORDER**

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to issue an order: (1) authorizing the disclosure of information protected by Fed. R. Crim. P. 6(e); and (2) governing the grand jury and Jencks materials disclosed by the government.  The United States and the defendant have reached an agreement as to the proposed order.  Therefore, the United States is authorized to represent to the Court that the defendant does not oppose this motion or the entry of the attached order.

                                  Respectfully submitted,

                                  Jeanine Ferris Pirro
                                  United States Attorney

By:        /s/
        CAELAINN CARNEY
        Assistant United States Attorney
        N.Y. Bar 5751672
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        202-714-6433
        Caelainn.carney@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KEVONTAE STEWART,**<br><br>Defendant. | Case No.  25-mj-002225-ZMF |

**ORDER AUTHORIZING DISCLOSURE OF INFORMATION PROTECTED BY FED. R. CRIM. P. 6(E) AND CONSENT PROTECTIVE ORDER GOVERNING GRAND JURY AND *JENCKS* MATERIALS**

Upon the unopposed motion of the government, it is hereby **ORDERED** that, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), the government may disclose grand jury and Jencks materials in connection with the judicial proceedings in the instant case to the extent necessary to comply with its discovery and ethical obligations and to prevent the unnecessary delay of trial.

Pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, it is **FURTHER ORDERED**:

1. **Materials Subject to this Order.**  Except as provided herein, this protective order ("Order") governs all grand jury and Jencks materials, in whatever form—e.g., written, audio- or video-recorded, or transcribed—specifically designated as being provided pursuant to this Order. "Grand jury materials" include, but are not limited to, information protected by Fed. R. Crim. P. 6(e). "Jencks materials" include, but are not limited to, witness statements governed by Fed. R. Crim. P. 26.2.

2. **Legal Defense Team.**  The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, law clerks, interns, other support staff, and expert witnesses

who are employed by defense counsel or the court to advise or assist defense counsel in connection with this case.  The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.  Each member of the "legal defense team" working on this case must: (1) have received training on the rules of professional conduct, the proper handling of confidential material, the Federal Rules of Criminal Procedure, including Rule 6(e), protective orders, and the criminal penalties for violating a court order; (2) have agreed to be bound by the terms of this Order; (3) not utilize any unsecured network or personal email system to store, send, transfer, transmit, or otherwise provide any information covered by this Order; and (4) be directly supervised by defense counsel in this case.

       3.     **Limitations on Dissemination.**  Except as otherwise permitted by this Order, the legal defense team shall not disseminate grand jury or <u>Jencks</u> materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.  In particular, the legal defense team shall not, directly or indirectly, provide grand jury or <u>Jencks</u> materials or reproductions thereof, in any form, to the defendant or upload grand jury or <u>Jencks</u> materials to the Internet or social media.

       4.     **Limitations on Use.**  Subject to the limitations contained in this Order, the legal defense team may use grand jury and <u>Jencks</u> materials solely in connection with this case, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding, without further order of this Court.  The legal defense team may discuss grand jury and <u>Jencks</u> materials with and defense counsel may authorize the viewing of grand jury and <u>Jencks</u> materials by the defendant.  The legal defense team also may discuss the substance of any witness's statement with that witness as long as the legal defense team does not confront the witness with the statement or otherwise reveal that it is in possession of the witness's grand jury

or <u>Jencks</u> materials, or reveal that it knows about the witness's statements through disclosures by the government.

5.   **Limitations on Reproduction.**  Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce grand jury and <u>Jencks</u> materials as deemed necessary by defense counsel for use in connection with this case.  Any reproductions of grand jury and <u>Jencks</u> materials authorized by defense counsel must include any watermarks that appear on the original materials provided by the government and shall be treated in the same manner as the original grand jury and <u>Jencks</u> materials.

6.   **Storage Requirements.**  The legal defense team shall store grand jury and <u>Jencks</u> materials in a secure physical or electronic environment that limits access to members of the legal defense team.  Defense counsel shall be responsible and accountable for maintaining, securing, and storing the grand jury and <u>Jencks</u> materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.  The legal defense team shall not utilize any unsecured network or personal email system to store, send, transfer, transmit, or otherwise provide any information covered by this Order.

7.   **Responsibility to Limit Disclosure of Sensitive Information.**[1]  If the legal defense team discusses grand jury or <u>Jencks</u> materials with the defendant or a witness or defense counsel or the Court authorizes the viewing of grand jury or <u>Jencks</u> materials by the defendant or a third person, defense counsel shall ensure that neither the defendant nor any court-authorized

---

[1] *Cf.* Fed. R. Crim P. 49.1(a) (listing information that raises privacy concerns in public filings); 24 D.C.M.R. § 3902.5(a)(2) & (3) (limiting a subject's access to BWC footage that would "violate the individual privacy rights of any other subject" or "jeopardize the safety of another subject"); *see also* D.C. Code § 23-1901(b) ("A crime victim has the right to: (1) Be treated with fairness and with respect to the victim's dignity and privacy; [and] (2) Be reasonably protected from the accused offender . . . ."); 18 U.S.C. § 3771(a)(1) ("A crime victim has . . . [t]he right to be reasonably protected from the accused."); 18 U.S.C. § 3771(a)(8) ("A crime victim has the . . . [t]he right to be treated with fairness and with respect for the victim's dignity and privacy.").

3

person hears or views any portion of the grand jury or Jencks materials that includes the following information:

    A.    the names and nicknames of civilians;

    B.    dates of birth;

    C.    social security or taxpayer identification numbers;

    D.    driver's license or non-driver's license identification card number;

    E.    home, work or school addresses;

    F.    telephone numbers, cellular numbers, or email addresses;

    G.    relatives, including names and contact information;

    H.    credit card, bank, debit, or other financial-account numbers; or

    I.    medical or mental health history information.

8. **Responsibility to Prevent Reproduction During Viewing.** If defense counsel authorizes the defendant or a court-authorized person to view grand jury or Jencks materials, the legal defense team shall ensure that the defendant or such court-authorized person does not copy, photograph, take screenshots, or otherwise reproduce the materials.

9. **Notifications Regarding this Order.** Defense counsel must provide members of the legal defense team and the defendant with a copy of this Order before providing them with access to, or permitting them to view, grand jury or Jencks materials. Defense counsel must notify the Court and government of any violation of this Order.

10. **Disposition Following the Conclusion of this Criminal Case.** Defense counsel may retain a copy of the grand jury and Jencks materials following the conclusion of this case. This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of the grand jury and Jencks materials

disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the grand jury and Jencks materials be returned or to further restrict the retention of the grand jury and Jencks materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the grand jury and Jencks materials.

11. **Automatic Exclusions from this Order.** This Order will not apply to grand jury or Jencks materials once those materials become part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia, including the Metropolitan Police Department. Further, this Order shall not apply to any grand jury or Jencks materials of any witness once that witness is called by the government at any hearing or trial in this case.

12. **Scope of this Order.** Nothing in this Order shall be construed as establishing a defendant's pretrial entitlement or right to grand jury or Jencks materials or to prohibit the government from withholding grand jury or Jencks materials until the government is constitutionally or statutorily required to produce such materials. This Order does not prevent any party from objecting to the discovery or admission of grand jury or Jencks materials that it otherwise believes to be improper. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of grand jury or Jencks materials; or (B) whether any particular grand jury or Jencks material is properly discoverable or admissible.

13. **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order. Before seeking a modification of this Order, defense counsel shall seek the consent of the government. In the event the government does not consent to the proposed modification, defense counsel may petition the

5

Court to modify the Order after providing notice to the government of its intention to do so. If the government does not consent to the proposed modification, defense counsel may petition the Court to modify this Order, while providing the government with notice of its petition, including the specific modification being sought. If defense counsel believes that providing its rationale for the specific modification may reveal privileged information or defense strategy, defense counsel may petition the Court *ex parte* for modification of this Order, while still notifying the government that it has filed its petition with the Court. If the Court finds that the rationale for the proposed modification would not require defense counsel to reveal privileged information or defense strategy, the Court shall give the defense the option of either withdrawing its request for a modification or permitting the government to argue the issue before ordering any modification of this Order. The Court will notify the government of any modification to this Order, unless doing so would reveal privileged information or defense strategy, in which case the Court will notify the government of the modification at a time when defense strategy no longer needs to be protected.

Finally, this Order is not intended to limit the legal defense team's ability to make appropriate use of information that is disclosed subject to this Order but is also disclosable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Therefore, to the extent defense counsel believes that information provided pursuant to this Order is *Brady* information, and that the restrictions in this Order are limiting the legal defense team's use of such information, defense counsel should alert the government to its position and, if an agreement between the parties cannot be reached, the parties will seek a resolution from the Court as soon as possible.

**SO ORDERED** this _____ day of _____, 2025

_____
HONORABLE JAMES E. BOASBERG
Chief Judge
U.S. District Court of the District of Columbia