IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | No. 1:25-MJ-225 (ZMF) |
| KEVONTAE STEWART | ) | |
| | ) | |

### MOTION FOR STAY OF ORDER

Kevontae Stewart, through undersigned counsel, asks this Court to stay its recent order, ECF Nos. 37 & 38, for a brief five-business-day administrative stay permitting co-counsel to consult with each other and with Mr. Stewart himself regarding next steps in these proceedings.

On September 26, 2025, the government presented its case against Mr. Stewart to a grand jury convened by this Court. That grand jury declined to return an indictment against Mr. Stewart. The government, rather than exercising its right to present its case against Mr. Stewart to a subsequent federal grand jury, chose to present its case to a grand jury convened by the District of Columbia Superior Court. The Superior Court grand jury voted to indict, and the government sought to return that indictment in this Court. Magistrate Judge Faruqui, after calling for briefing from both parties, declined to accept the indictment, holding that the Federal Rules of Criminal Procedure precluded him from accepting the Superior Court indictment. The government sought review from this Court.

Yesterday, on November 20, 2025, this Court issued its opinion on whether the government's actions were proper and ultimately ordered that magistrate court to accept the indictment returned by the Superior Court. In its order, this Court described the question of whether the government can lawfully bring an indictment from the Superior Court to this Court as

1

a "close[] question." ECF No. 38 at 7, and the issue as "challenging," ECF No. 38 at 1.  In light of this Court's Memorandum Opinion and Order, Mr. Stewart asks this Court to stay its orders, ECF Nos. 37 & 38, for five business days permitting Mr. Stewart's counsel to consult amongst themselves and to consult with Mr. Stewert about how to proceed.

The factors to weigh when deciding whether to issue a stay pending appeal are well settled. The Supreme Court explained in *Nken v. Holder*, that "those legal principles have been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

These factors overwhelmingly favor granting a brief administrative stay in this case.  Mr. Stewart has made a strong showing that he will prevail if chooses to appeal this Court's decision. Indeed, this Court described the issue as "challenging" and a "close[] call."  ECF No. 38 at 1, 7. As Mr. Stewart described in his briefing to the magistrate court and this Court, the proper reading of the Federal Rules of Criminal Procedure and the D.C. Code is that the government's actions were unlawful and he cannot be hailed into court by an indictment returned by a Superior Court grand jury.  And Mr. Stewart will certainly be irreparably injured if the government is permitted to present the Superior Court indictment to a federal magistrate court.  As this Court acknowledged in its memorandum opinion:

> "[A] wrongful indictment is no laughing matter; often it works a grievous, irreparable injury to the person indicted." *In re Fried*, 161 F.2d 453, 458 (2d Cir. 1947). What is more, a defendant would be subject to unnecessary court appearances, the risk of pretrial detention, and collateral consequences like employment loss or

> family upheaval between when the indictment is returned and its inevitable dismissal. See also *Klopfer v. North Carolina*, 386 U.S. 213, 222 (1967) (noting "pendency of the indictment" subjects defendant to "public scorn," risks employment, and chills speech — all amounting to "oppression"). When an indictment can be deemed plainly deficient as an administrative matter, there is no need to trigger those consequences.

ECF No. 38 at 6-7. And the other parties in this proceeding, *i.e.*, the government, will suffer no prejudice from a five-business-day administrative stay. If, after the five business days, Mr. Stewart elects not to appeal this Court's order, the government will be able to proceed as normal presenting the indictment to the magistrate court as ordered in ECF No. 37. No prejudice to the government will result from waiting five business days. And finally, the public interest overwhelmingly weighs in favor of granting Mr. Stewart's request for a brief administrative stay. The public has a vital interest in the government being held to proper procedures in indicting the residents of the District of Columbia. The public has an interest in the government proceeding methodically, if slowly, to ensure that it complies fully with the law, rather than the government proceeding by improperly indicting someone and hauling them into Court for lengthy, drawn-out proceedings.

In light of Mr. Stewart's need to consult with his various counsel and the *Nken* factors, this Court should grant a five-business-day administrative stay of its order documented at ECF Nos. 37 & 38.

                                                Respectfully Submitted,

                                                A.J. KRAMER
                                                FEDERAL PUBLIC DEFENDER

                                                _____/s/_____
                                                MICHELLE M. PETERSON
                                                MATTHEW L. FARLEY
                                                Assistant Federal Public Defenders
                                                625 Indiana Ave., N.W.
                                                Washington, D.C. 20004
                                                (202) 208-7500