UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No. 25-MJ-225 (ZMF) |
| KEVONTAE STEWART, | : |
| Defendant | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF ORDER AND GOVERNMENT'S MOTION FOR A HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to the Defendant's Motion for a Stay. (ECF 39). In addition, the government moves for this Court to set a hearing to accept the return in this matter. The factors enumerated under *Nken v. Holder*, 556 U.S. 418 (2009), do not militate in favor of a stay in this case. Therefore, the Court should deny the defendant's Motion for a Stay and schedule a hearing to accept the return.

**ARGUMENT**

Under *Nken*, a court should consider four factors in considering whether to grant a stay including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). None of the factors warrant a stay in the instant case.

First, the defendant has not shown a likelihood of success on the merits. To begin, the Chief Judge's order is not a final order from which the defendant can appeal at this time. Under 28 U.S.C. § 1291 the court of appeals has jurisdiction over appeals from final orders. A final order

1

is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Additionally, "interlocutory appeals are generally disfavored as 'disruptive, time-consuming, and expensive' for both the parties and the courts[.]" *See In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 105 (D.C. Cir. 2002). Thus, "criminal defendants cannot [even] appeal constitutional violations on an interlocutory basis, but must wait until after they are convicted[.]" *In re Larson*, 466 B.R. 147, 150 (B.A.P. 10th Cir. 2012).

Next, the Chief Judge's opinion engages with each of the defendant's arguments, weighs them, and comes to a reasoned conclusion. (ECF 38). The fact that there is a possibility that an appellant may succeed on appeal does not justify a stay in and of itself. "[I]f any showing of likelihood of success would tip the scales on the other factors in favor of granting the stay, then courts would always stay their judgments pending appeal. There is, after all, always some possibility of a successful appeal." *Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt*, 704 F. Supp. 2d 50, 53 (D.D.C. 2010). Here, the Chief Judge has issued a thoughtful decision that is not a final order from which the defendant could appeal. Thus, the defendant cannot satisfy the first prong under *Nken*.

Second, the defendant will not be irreparably harmed if he is not granted the stay. The defendant has already been charged and is under the Court's supervision. And it has already been widely publicized that the defendant was charged with a federal crime and that a Superior Court grand jury voted to indictment him. In other words, the defendant cannot show any additional irreparable harm that would occur by allowing the criminal proceeding to continue.

Conversely, as to the third factor, the Superior Court grand jury is harmed because a delay further foils its Congressionally granted right to return indictments to the U.S. District Court. *See*

D.C. Code § 11-1916. Further, additional delay raises the risk, even if slight, that the necessary grand jurors become unavailable to return the indictment.

The fourth factor, the interest of the public, also weighs against granting the stay. The public has an interest in this case proceeding because, as this court found at the initial detention hearing in this matter, the defendant presents a danger to the community. Further delaying the resolution of this case extends that risk to the residents of this community. Finally, the defendant's proffered public interest in "ensur[ing] that [the government] complies fully with the law," (ECF 39 at 3), has been vindicated by the thoughtful review and order of the Chief Judge.

## CONCLUSION

Accordingly, this Court should deny the defendant's Motion for Stay (ECF 39), and set a hearing—pursuant to the order of the Chief Judge—to accept the grand jury return as soon as possible.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   /s/ Caelainn Carney
CAELAINN CARNEY
NY Bar No. 5751672
Special Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
202-714-6433
Caelainn.carney@usdoj.gov