# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| v. ) | No. 1:25-MJ-225 (ZMF) |
| **KEVONTAE STEWART** ) | |
| ) | |

## MOTION FOR STAY PENDING APPEAL

On November 26, 2025, the defendant, Kevontae Stewart, filed a Notice of Appeal from this Court's order directing the Magistrate Court to accept an indictment returned by a grand jury convened by the Superior Court of the District of Columbia, *see* ECF No. 41. Mr. Stewart now moves this court to stay its order, ECF Nos. 37 & 38, directing the Magistrate Court to accept the indictment returned by the Superior Court grand jury pending appeal. In the alternative, if the Court does not stay the effect of its order pending appeal, Mr. Stewart asks the Court to stay further criminal proceedings pending issuance of the mandate by the Court of Appeals.

On September 26, 2025, the government presented its case against Mr. Stewart to a grand jury convened by this Court. That grand jury declined to return an indictment against Mr. Stewart. The government, rather than exercising its right to present its case against Mr. Stewart to a subsequent federal grand jury, chose to present its case to a grand jury convened by the District of Columbia Superior Court. The Superior Court grand jury voted to indict, and the government sought to return that indictment in this Court. Magistrate Judge Faruqui, after requesting briefing from both parties, declined to accept the indictment, holding that the Federal Rules of Criminal Procedure precluded him from accepting the Superior Court indictment. The government sought review from this Court.

1

On November 20, 2025, this Court issued its opinion on whether the government's actions were proper, and ultimately ordered the Magistrate Judge to accept the indictment returned by the Superior Court grand jury. In its order, this Court described the question of whether the government can lawfully bring an indictment from the Superior Court to this Court as a "close[] question." ECF No. 38 at 7, and the issue as "challenging," ECF No. 38 at 1. The next day, Mr. Stewart moved this Court for a brief administrative stay of its order to permit Mr. Stewart to consult with counsel and make a decision regarding whether to appeal this Court's order. The government opposed the motion. This Court granted Mr. Stewart's motion for a brief stay on November 24, 2025, staying its order directing the Magistrate Court to accept the indictment until December 1, 2025, because the Court "agree[d] with Defendant that the factors articulated in *Nken v. Holder*, 556 U.S. 418, 434 (2009), militate in favor of a brief stay." Minute Order, Nov. 24, 2025. Now that Mr. Stewart has appealed, he asks the Court to extend the stay pending the outcome of the appeal.

The factors to weigh when deciding whether to issue a stay pending appeal are well settled. The Supreme Court explained in *Nken v. Holder*, that "those legal principles have been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Like the decision to grant a brief administrative stay, these factors overwhelmingly favor granting a stay pending appeal in Mr. Stewart's case. First, Mr. Stewart has made a strong showing that he is likely to succeed on the merits. To be clear, it is not necessary that Mr. Stewart show

2

that he has an "an absolute certainty of success." *Population Inst. v. McPherson,* 797 F.2d 1062, 1078 (D.C. Cir. 1986). "Rather, '[i]t will ordinarily be enough that the [movant] has raised serious legal questions going to the merits, so serious, substantial, [and] difficult as to make them a fair ground of litigation.'" *Pan Am Flight 73 Liaison Grp. v. Dave*, 711 F. Supp. 2d 13, 37 (D.D.C. 2010) (Bates, J.) (quoting *Population Inst.*, 797 F.2d at 1078). And where a court is the first court to pass on a legal question, that issue is—by definition—a "fair ground for litigation." *See id.* ("Here, because this Court appears to be the first court to interpret and Libyan Claims Resolution Act … the proper interpretation of these documents are a 'fair ground for litigation.'").

Mr. Stewart's case is the first to directly pose the question of whether a federal criminal case can be initiated with a charging document obtained from the grand jury established by the Superior Court of the District of Columbia. The only cases to even touch upon this issue all assumed that the U.S Attorney's Office could initiate federal cases via a Superior Court grand jury. *See United States v. Seals*, 130 F.3d 451, 457 (D.C. Cir. 1997); *United States v. Allen*, 729 F. Supp. 120, 122 (D.D.C. 1989); *United States v. Brown*, 2007 WL 2007513, at *4 (D.D.C. July 9, 2007). Indeed, this Courted noted in its memorandum opinion that no court has "squarely addressed the question before this Court." ECF No. 38 at 9.

That this question is a "fair ground for litigation" is supported by the fact that the two decisions addressing this question in this case reached different outcomes. Magistrate Judge Faruqui wrote a "thoughtful opinion," ECF No. 38 at 1, concluding that the Federal Rules of Criminal Procedure required that an indictment be returned by a grand jury established by a federal court, regardless of an earlier-in-time D.C. Code provision which may have authorized the process in years past. This Court, of course, reached the opposite conclusion. ECF No. 38. But this

3

disagreement amongst the judges of this Court alone indicates that this issue is a fair ground for litigation justifying granting a stay of the Court's order pending appeal.

In further support of Mr. Stewart's arguments on the merits, Mr. Stewart incorporates by reference his arguments on the merits made in earlier briefing on this issue. ECF Nos. 21 & 28. In addition, this Court noted that the issue here is "challenging," ECF No. 38 at 1, and a "close[] question." ECF No. 38 at 7. And in criminal cases, close questions of law should be interpreted in favor of the defendant. *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 27 (D.C. Cir. 2019) ("Under the rule of lenity, ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." (quotation marks omitted)).

Second, Mr. Stewart will be irreparably injured absent a stay. As this Court acknowledged in its memorandum opinion:

> "[A] wrongful indictment is no laughing matter; often it works a grievous, irreparable injury to the person indicted." *In re Fried*, 161 F.2d 453, 458 (2d Cir. 1947). What is more, a defendant would be subject to unnecessary court appearances, the risk of pretrial detention, and collateral consequences like employment loss or family upheaval between when the indictment is returned and its inevitable dismissal. See also *Klopfer v. North Carolina*, 386 U.S. 213, 222 (1967) (noting "pendency of the indictment" subjects defendant to "public scorn," risks employment, and chills speech — all amounting to "oppression"). When an indictment can be deemed plainly deficient as an administrative matter, there is no need to trigger those consequences.

ECF No. 38 at 6-7.

To argue otherwise "is an astonishingly callous argument which ignores the obvious." *Fried*, 161 F.2d at 458. Mr. Stewart's liberty has already been seriously infringed. An "[a]rrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations,

subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion*, 404 U.S. 307, 320 (1971).  And Mr. Stewart did spend time in pre-trial detention, which is known to have a "detrimental impact on the individual." *Barker v. Wingo*, 407 U.S. 514, 532.

The government argues that Mr. Stewart will suffer no harm because he has already been charged and is under the Court's supervision, and it has already been "widely publicized" that Mr. Stewart has been charged with a federal crime.  ECF No. 40 at 3.  There is some truth to this—Mr. Stewart has already been harmed by the government's actions and his liberty is already being deprived through pretrial supervision.  So, yes, Mr. Stewart is already experiencing harms.  But he will certainly experience more harm if the government is permitted to hail Mr. Stewart into repeated court appearances for continued criminal proceedings that he should not be subject to in the first place.

Subjecting Mr. Stewart to further criminal proceedings, therefore, would be subjecting Mr. Stewart to the very harm that the grand jury requirement is meant to protect against.  "The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes." *Costello v. United States*, 350 U.S. 359, 362, (1956).  The grand jury "serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *United States v. Sells Eng'g*, 463 U.S. 418 (1983) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686-687 (1972)).  "[T]he grand jury shields the accused from unjust prosecution." *United States v. Coachman*, 752 F.2d 685, 690 (D.C. Cir. 1985).  "If this were not its transcendent mission, the grand jury as we know it would be unnecessary." *Id.*  And "[t]he grand jury provides an additional check on felony prosecutions, acting as a 'buffer or referee between the Government

5

and the people,' to ensure that the charges are well-founded." *Trump v. United States*, 603 U.S. 593 (2024) (quoting *United States v. Williams*, 504 U.S. 36, 47 (1992)).

Third, the government will not be harmed if this Court grants a stay pending appeal. In the context of the brief stay, the government did not assert that it would suffer any harm if the brief stay was granted. This was a concession that it would suffer no harm in the context of a stay. Instead, the government argued that "the Superior Court grand jury" would be harmed. This begs the question of whether the Superior Court grand jury is even an interested party in these proceedings. The parties to this case are the government and Mr. Stewart. These are the only two parties that the Court should consider in deciding whether to grant a stay. And the United States will not suffer any sort of harm by first permitting the Court of Appeals to speak on the legality of the indictment. Indeed, if the government wanted its prosecution (and future such prosecutions) to proceed on firm footing, it would join Mr. Stewart in asking the Court of Appeals to settle this question of first impression.

And fourth, the public interest weighs heavily toward assuring that the government be held to the strict structures of the law in initiating criminal prosecutions. Ensuring that the government acts lawfully with regard to Mr. Stewart gives the public confidence that the government will act lawfully if its prosecution power is turned on them.

The government asserts that the public has an interest in proceeding with prosecution because Mr. Stewart "presents a danger to the community." ECF No. 40 at 3. But Mr. Stewart is currently subject to pretrial release conditions, which have been deemed sufficient to secure the safety of the community. And Mr. Stewart has been complying with these conditions. Should any pretrial release issues arise, even if this Court grants the stay pending appeal, this Court will retain jurisdiction to adjust pretrial release conditions if necessary.

Wherefore, the defendant, Kevontae Stewart asks this Court to stay its order, ECF No. 37, pending the resolution of Mr. Stewart's appeal.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

\_\_\_\_/s/_____
MICHELLE M. PETERSON
MATTHEW L. FARLEY
Assistant Federal Public Defenders
625 Indiana Ave., N.W.
Washington, D.C.  20004
(202) 208-7500