UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES,**

v.

**KEVONTAE STEWART,**

Defendant.

MJ No. 25-225

### ORDER

Defendant Kevontae Stewart seeks a stay pending his appeal of this Court's decision that he could be presented here on an indictment that was returned by a Superior Court grand jury. See ECF No. 42 (Def. Mot. to Stay). The Court will grant the Motion.

Both sides agree that the factors the Court should weigh are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

As the Court explained in its prior Opinion, the merits issue Defendant raises on appeal — namely, the ability of the Government to present in District Court a federal indictment obtained in Superior Court — is a close and challenging one. See ECF No. 38 (Mem. Op.) at 1. He has thus raised "serious legal questions going to the merits" sufficient for a stay. Population Inst. v. McPherson, 797 F.2d 1062, 1078 (D.C. Cir. 1986). In addition, Stewart could well be irreparably harmed if his prosecution moves forward on an indictment ultimately held invalid.

1

Third, the Government will not be substantially injured because the strict conditions of release imposed remain in effect, and the Speedy Trial Act will be tolled pending appeal. Finally, the public interest lies in letting the Court of Appeals decide this issue before the Government moves forward both on this case and in similar fashion on other cases. It would benefit all parties if such review were conducted on an expedited basis, but that is a decision for that court, not this one.

The Court, accordingly, ORDERS that:

1. Defendant's [42] Motion to Stay is GRANTED; and

2. The case is STAYED pending the issuance of the Mandate from the Court of Appeals.

        /s/ *James E. Boasberg*
        JAMES E. BOASBERG
        United States District Judge

Date: December 9, 2025